**STATE of Iowa ex rel. Richard C. TURNER, Attorney General, Appellant,**

v.

**FIRST OF OMAHA SERVICE CORPORATION OF OMAHA, NEBRASKA d/b/a Bank Americard, and Central National Bank & Trust Company, Des Moines, Iowa, Appellees.**

**No. 61053.**

Supreme Court of Iowa.

July 25, 1979.

Julian B. Garrett, Asst. Atty. Gen., for appellant.

William E. Morrow, Jr., of Swarr, May, Smith & Andersen, Omaha, Neb., and David A. Scott, of Davis, Scott & Grace, Des Moines, for appellee First of Omaha Service Corp.

Kenneth L. Butters, of Stewart, Heartney, Brodsky, Thornton & Harvey, Des Moines, for appellee Central Nat. Bank and Trust Co.

Considered by LeGRAND, P. J., and REES, HARRIS, ALLBEE, and McGIVERIN, JJ.

PER CURIAM.

In our opinion in *State ex rel. Turner v. First of Omaha Serv.,* 269 N.W.2d 409 (Iowa 1978), we held that the defendant should not be allowed to charge interest rates higher than that permitted Iowa banks under chapter 537, The Code. The bank claimed it could charge interest at a higher rate allowed under Nebraska law. In our opinion we distinguished a case which took a contrary view. *Marquette Nat., etc. v.*

*First of Omaha Serv.,* 262 N.W.2d 358 (Minn.1977). Thereafter, upon certiorari to the United States Supreme Court, the decision of the Minnesota Supreme Court was affirmed. *Marquette Nat. Bank v. First of Omaha Corp.,* 439 U.S. 299, 99 S.Ct. 540, 58 L.Ed.2d 534 (1978).

Upon certiorari to the United States Supreme Court from our decision the judgment entered in our decision was vacated and the case was remanded to us for further reconsideration in the light of *Marquette Nat. Bank v. First of Omaha Corp. First of Omaha Serv. Corp. v. Iowa ex rel. Turner,* —— U.S. ——, 99 S.Ct. 1529, 59 L.Ed.2d 785 (1979).

It is now clear that the questions in this case are indistinguishable from those in *Marquette Nat. Bank.* Accordingly, we are obliged to vacate the judgment on our opinion and to now affirm the trial court's decision granting summary judgment in favor of First of Omaha Service Corporation of Omaha. The judgment of the trial court is affirmed.

AFFIRMED.